IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-162-BO-BM

KIMBERLY R. SHEWCHUK, )
    Plaintiff, )
 )
v. ) ORDER
 )
UNITED STATES OF AMERICA, )
DOL/EEOC/DOJ, )
    Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Brian S. Meyers. [DE 5]. Plaintiff has filed a response, [DE 6], and the matter is ripe for disposition. For the reasons that follow, the memorandum and recommendation is adopted and the complaint is dismissed.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to

explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff proceeds in this action *pro se*. Plaintiff's complaint alleges that she filed a charge of discrimination with the EEOC in December 2020, that she complained and requested help from a number of federal, state, and local agencies, that she was retaliated against for filing a charge, that U.S. and international human rights have been violated, and that threats have been made to plaintiff which indicate harm to former President Barack Obama. [DE 1].

The memorandum and recommendation recommends dismissal of plaintiff's complaint because the complaint does not reveal a viable cause of action from the vague and conclusory harms alleged. In response, plaintiff filed a document stating that she is entitled to relief because the defendants are not immune, and that her attorney should be contacted with any future communication or correspondence about her case. Plaintiff appears to list former President Barack Obama as her attorney. [DE 6]. No attorney has noticed an appearance on plaintiff's behalf.

Plaintiff's objection regarding immunity cannot be construed as a specific objection to the memorandum and recommendation because the recommendation of dismissal is not based on the immunity of any defendant. Accordingly, the Court reviews the recommendation for clear error and finds none. However, even were the Court to review the recommendation *de novo*, it agrees that plaintiff's complaint fails to contain any sufficiently articulated basis from which a cause of action can be construed. Though plaintiff references an EEOC charge and employment discrimination, she does not plausibly allege any action by defendants or any harm to her resulting from such actions. Dismissal of plaintiff's complaint is therefore appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objection to the memorandum and recommendation [DE 6] is OVERRULED. The memorandum and recommendation is ADOPTED in its entirety. The complaint is hereby DISMISSED. The Clerk is directed to close the case.

SO ORDERED, this 4 day of April 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE